**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-01059-WJM-SKC

CHARLES LICO, an individual, and
CL ENTERTAINMENT, INC. a Tennessee corporation,

      Plaintiff(s),

v.

KELLY FOOTE, an individual,
KERRI FOOTE, an individual, and
FRSSE, INC., a Colorado corporation

      Defendant(s).

---

## DEFENDANTS' ANSWER AND AMENDED COUNTERCLAIM

---

Pursuant to F.R.C.P. 15 (a)(1), Defendants Kelly Foote, Kerri Foote and FRSSE, Inc. (collectively "Defendants"), by their undersigned attorneys hereby file their Answer and Amended Counterclaim, in response to Plaintiffs' Complaint and Jury Demand ("Complaint") as follows:

### GENERAL ALLEGATIONS

1.      This paragraph contains Plaintiffs' characterization of their action to which no answer is required, but insofar as an answer may be deemed required, deny.

2.      Defendants believe that Plaintiff Charlie Lico lives in Tennessee, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore, deny.

1

3. Defendants believe that CL Entertainment is an entity in Tennessee, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore, deny.

4. Admit.

5. Admit.

6. Defendants state that they believe CL Entertainment is an entity owned by Plaintiff Charlie Lico. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore, deny.

7. Defendants admit Defendant Kelly Foote met Charlie Lico, while Plaintiff Charlie Lico and his wife were vacationing in Frisco, Colorado, staying with John Cathey, a friend of both the Licos and Defendants. Defendant Kelly Foote denies soliciting Plaintiff Charlie Lico's professional assistance. Defendants admit that John Cathey is working with Defendant Kelly Foote on his development. Defendants deny the remaining portion of this paragraph.

8. Deny.

9. Deny.

10. Deny.

11. Deny.

12. Deny.

13. Defendants admit that Plaintiff Charlie Lico came to Colorado to vacation and visit his daughter and her family, who lives in Colorado. Defendants further admit that while in Frisco, Colorado, Plaintiff Charlie Lico attended a Town of Frisco Council

2

meeting and asked to speak to show his support for Defendant Kelly Foote's development. Plaintiff Charlie Lico insisted on attending another meeting, while he and his wife were vacationing in Frisco, Colorado, but Charlie Lico was asked not speak at the meeting. Defendants further state that Plaintiff Charlie Lico traveled to Colorado to meet with the Frisco Town Manager to promote his Venuetize concept.

14. Admit that Plaintiffs produced a "straw man" and state that Defendants did not request the "straw man" Defendants state that the "straw man" did not pertain to Defendant Kelly Foote's development or to obtaining investors for Defendant Kelly Foote's development. Plaintiffs' "straw man" pertained to their Venuetize concept. Defendants further state that they did not need or want a brand, as they had a brand that has been established for several years.

15. Deny. Defendants state that the only amount of money Defendant Kelly Foote ever agreed to pay to Plaintiffs was $35,000 and that was for an editable, working Investor Pitch Deck, which Plaintiffs never provided to Defendants.

16. Defendants incorporate their answer to paragraph 15 above. Defendants further state that Plaintiff Charlie Lico represented that he could and would provide suitable investors for Defendant Kelly Foote's development, but Plaintiff Charlie Lico never did. Nor did Plaintiffs ever provide an editable, working Investor Pitch Deck, which was to be used to help solicit potential investors.

17. Plaintiffs never produced an editable, working Investor Pitch Deck. Defendant Kelly Foote eventually received a draft version of the Investor Pitch Deck, but was unable to open or edit the draft. Defendants have never and will never use the Investor Pitch Deck or any other material or information allegedly provided by Plaintiffs.

3

18. Defendants admit Plaintiffs were paid $35,000 for an editable, working Investor Pitch Deck. Defendants state they never received the editable, working Investor Pitch Deck. Defendants deny owing Plaintiffs any money.

19. Deny. Defendants further state that after numerous requests, Plaintiffs, to date, have provided no documentation supporting Plaintiffs' invoice, which invoice Plaintiffs emailed to Defendant Kelly Foote long after their relationship ended.

FIRST CAUSE OF ACTION
**Breach of Contract (CL Entertainment against all Defendants)**

20. Defendants incorporate herein by reference their answers in paragraphs 1 – 19 above.

21. Deny. Defendants state that Plaintiff Charlie Lico, individually and/or as owner/agent of CL Entertainment said he/it would provide investor(s) and provide an editable, working Investor Pitch Deck. Plaintiffs did neither and, instead, Plaintiff Charlie Lico talked constantly about his Venuetize concept, which Defendants did not want or need for their development.

22. Defendants admit Plaintiffs were paid $35,000 for an editable, working Investor Pitch Deck. Defendants never agreed to pay Plaintiffs any additional funds. Defendants state they never received the editable, working Investor Pitch Deck. Defendant Kelly Foote eventually received a draft Investor Pitch Deck, which draft Defendant Kelly Foote could not open or edit. Defendants deny owing Plaintiffs any money and state that Plaintiffs should refund the $35,000. Defendants deny the remaining portion of this paragraph.

23. Defendants incorporate their response to paragraph 22 above.

24. Defendants incorporate their answer to paragraph 22 above.

4

25. Deny.

<h2 style="text-align:center">SECOND CAUSE OF ACTION</h2>

**Unjust Enrichment (CL Entertainment against all Defendants)**

26. Defendants incorporate herein by reference their answers in paragraphs 1 – 25 above.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

<h2 style="text-align:center">THIRD CAUSE OF ACTION</h2>

**Fraud in the Inducement (Charlie Lico against all Defendants)**

31. Defendants incorporate herein by reference their answers in paragraphs 1 – 30 above.

32. Deny.

33. Defendants admit that the property was titled in Defendants Kelly Foote and Kerri Foote's names. Defendants deny the remaining portion of this this paragraph.

34. Deny. Defendants Kelly Foote and Kerri Foote owned the property long before they met Plaintiff Charlie Lico.

35. Deny.

36. Deny.

37. Deny.

38. Deny. Defendants further state that Plaintiffs' efforts and any resources they expended involved their Venuetize concept and not Defendant Kelly Foote's development.

5

<u>FIFTH [SIC] CAUSE OF ACTION</u>
**Constructive Trust (Charlie Lico against all Defendants)**

39.     Defendants incorporate herein by reference their answers in paragraphs 1 – 38 above.

40.     Deny. Defendants Kelly Foote and Kerri Foote owned the property long before they met Plaintiff Charlie Lico.

41.     Deny and Defendants again state that the property was titled in Defendants Kelly Foote and Kerri Foote's names prior to their meeting Plaintiff Charlie Lico.

42.     Deny.

43.     Deny. Defendants further state that Plaintiff Charlie Lico did not confer any benefit upon Defendants.

44.     Deny.

<u>SIXTH [SIC] CAUSE OF ACTION</u>
**Promissory Estoppel (All Plaintiffs against all Defendants)**

45.     Defendants incorporate herein by reference their answers in paragraphs 1 – 44 above.

46.     Deny. Defendants incorporate their answers to paragraphs 21 and 22.

47.     Deny. Defendant Kelly Foote further states that he paid $35,000 for an Investor Pitch Deck he never received in an editable, workable format. Defendant Kelly Foote further states that the only additional compensation Plaintiff Charlie Lico would have received would have been in exchange for providing investor(s) in Defendant Kelly Foote's development. Plaintiff Charlie Lico provided no investors for Defendant Kelly Foote's development.

48.     Deny.

6

49. Deny.

50. Deny.

51. Defendants deny each and every allegation contained in the Complaint not previously answered or admitted.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred because there is/was no contract between the parties, with the exception of an agreement for Plaintiffs to prepare an editable, working Investor Pitch Deck for $35,000.

3. Plaintiffs' claims, as they pertain to the Investor Pitch Deck are barred by the doctrine of payment.

4. Plaintiffs' claims are barred because of failure of consideration.

5. Assuming, arguendo, that there was a contract, Plaintiffs' claims are barred by their own breach of contract.

6. Plaintiffs' claims are barred because they did not confer any benefit upon the Defendants.

7. Plaintiffs' claims are barred due to their failure to mitigate their damages.

8. Defendants were not the proximate cause of any damage suffered by Plaintiffs.

9. Plaintiffs' claims are frivolous, groundless and vexations and, Defendants are entitled to their costs and attorney's fees pursuant to C.R.S. §13-17-101, et seq., and Rule 11 of the Federal Rules of Civil Procedure.

10. Any other matter constituting an avoidance or affirmative defense.

## COUNTERCLAIMS
### Breach of Contract
### (Against both Plaintiffs)

1. Defendants incorporate herein by reference their answers in paragraphs 1 – 51 above and their affirmative defenses above.

2. Plaintiffs and Defendant Kelly Foote entered into a contract for Plaintiffs to create an editable, working Investor Pitch Deck to be used to solicit and obtain investors in Defendant Kelly Foote's development.

3. Plaintiffs were paid $35,000 for the editable, working Investor Pitch Deck.

4. Plaintiffs never provided Defendant Kelly Foote with an editable, working Investor Pitch Deck.

5. Defendant Kelly Foote never received an editable, working Investor Pitch Deck from Plaintiffs.

6. Because Plaintiffs failed to provide an editable, working Investor Pitch Deck, Plaintiffs breached their contract with Defendant Kelly Foote, and Plaintiffs should refund the $35,000.

WHEREFORE, Defendants respectfully pray for the following relief:

(a) To enter judgment in their favor and against Plaintiffs on each of Plaintiffs' claims;

(b) To enter judgment in their favor and against Plaintiffs on Defendants' claim against Plaintiffs;

(c) For interest at the statutory rate from accrual of these causes of action;

(d) For Defendants' costs of this action;

(e) For all other relief requested within this Answer and Amended Counterclaim,

or which this Court may otherwise deem proper.

Dated this 30th day of August, 2018.

s/ Andrea N. Mahoney
Andrea N. Mahoney
Law Offices of M. Kent Olsen
650 South Cherry Street, Suite 525
Denver, CO 80246
Telephone: (303) 329-4670
E-Mail: amahoney@mkolsenlaw.com
*Attorney for Defendants*

## Certificate of Service

I hereby certify that on August 30, 2018, I filed the foregoing electronically via CM / ECF, the electronic filing system for the United States District Court for the District of Colorado.

s/ Deana A. Langston
Deana A. Langston

9